IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| ANGELO DEMITRO | ) | FILED: JULY 1, 2008 |
| | ) | 08CV3755 |
| Plaintiff, | ) No. | JUDGE BUCKLO |
| | ) | MAGISTRATE JUDGE COLE |
| vs. | ) Judge | |
| | ) | |
| VCNA PRAIRIE ILLINOIS, INC., a | ) Magistrate Judge TC | |
| foreign corporation, PRAIRIE MATERIAL | ) | |
| SALES, INC., a foreign corporation, and | ) | |
| PRAIRIE MATERIAL, a foreign corporation) | | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ANGELO DEMITRO, by and through his attorneys Seth R. Halpern and Allison L. Chaplick, and complains of VCNA PRAIRIE ILLINOIS, INC., a foreign corporation, PRAIRIE MATERIAL SALES, INC., a foreign corporation, and PRAIRIE MATERIAL, a foreign corporation as follows:

## COMMON ALLEGATIONS

1.      Plaintiff, ANGELO DEMITRO (hereinafter "DEMITRO") is a citizen of the State of Illinois and a resident of the City of Chicago, County of Cook, State of Illinois, and presently resides at 1930 West 34th Place.

2.      Defendants VCNA PRAIRIE ILLINOIS, INC., a foreign corporation, PRAIRIE MATERIAL SALES, INC., a foreign corporation, and PRAIRIE MATERIAL, (hereinafter collectively referred to as "PRAIRIE MATERIAL" or "defendants") are Delaware corporations, licensed in Illinois and doing business at various Illinois locations, including at 2300 S. Throop, Chicago, Illinois, 3300 S. California, Chicago, Illinois, and 7601 W. 79th Street, Bridgeview,

Illinois. Defendants are engaged in an industry affecting commerce and, at all times pertinent hereto, were employers within the meaning of 29 U.S.C. 652(5) and 29 U.S.C. 2601, *et seq*.

3.     This court has jurisdiction of this case pursuant the Occupational Safety Health Act (OSHA), 29 U.S.C. §660 *et seq*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2617(a)(2), and 28 U.S.C. §1367.

4.     This action properly lies in this district pursuant to 28 U.S.C. §1391 because the claim arose in this judicial district.

5.     In or about September 9, 2000, DEMITRO was hired by PRAIRIE MATERIAL as a Mack Redi-Mix Truck Driver.

6.     At all times during his tenure of employment at PRAIRIE MATERIAL, plaintiff performed his job in a satisfactory manner.

7.     On October 11, 2007, plaintiff began experiencing difficulty breathing at PRAIRIE MATERIAL's 2300 S. Throop portable plant because plaintiff was exposed to and inhaled airborne dust/silica particles at the portable plant.

8.     PRAIRIE MATERIAL declined, pursuant to DEMITRO's requests, to take any steps to reconfigure the portable plant or otherwise reasonably accommodate DEMITRO's condition by covering the exposed dust/silica particles, providing DEMITRO with a mask in a timely manner, or having its Safety Department inspect the portable plant.

9.     On or around October 11, 2007, plaintiff sustained a work-related respiratory injury.

10.     On October 11, 2007, plaintiff was admitted as an in-patient at Mt. Sinai Hospital where plaintiff was diagnosed with hyperactive airway disease secondary to cement exposure, and was subsequently discharged on October 12, 2007.

11.     Thereafter, plaintiff sought treatment with his own primary care physician, Dr. N. Richie Thakur, and was referred to Pulmonologist, Dr. Alejandro Comellas, because of his work related injury.

12.     Dr. Thakur fully restricted plaintiff from working because of the severity of his work-related injury, thereby commencing plaintiff's leave pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq.*, and released plaintiff to return to work without restrictions on November 19, 2007.

13.     On or around October 11, 2007 DEMITRO filed a complaint with OSHA requesting inspection of PRAIRIE MATERIAL's subject plants.

14.     On or around October 15, 2007 OSHA thereafter commenced its inspection of the relevant cement plants and equipment, conducted industrial hygiene (IH) monitoring on two sites and on several truck drivers in accordance with DEMITRO'S complaint.

15.     On or about October 17, 2007, DEMITRO filed a claim for workers compensation benefits for his work related injury.

16.     On October 18, 2007, PRAIRIE MATERIAL terminated DEMITRO.

17.     PRAIRIE MATERIAL terminated DEMITRO in retaliation for filing a complaint with OSHA, for exercising his rights under the Illinois Workers' Compensation Act by filing a claim against the defendants with the Illinois Industrial Commission, and in retaliation for taking an authorized leave under the Family Medical Leave Act, 820 ILCS 305/1 *et. seq.*

3

18.    As a direct and proximate result of the above-mentioned incidents and conduct of PRAIRIE MATERIAL, plaintiff experienced, and continues to experience, lost wages and benefits, and suffered and continues to suffer from emotional distress.

**COUNT I**
**(OCCUPATIONAL SAFETY HEALTH ACT)**

1-15.    Plaintiff repeats and realleges Paragraphs 1-10, 13-14, and 16-18 of the Common Allegations as though fully set forth herein.

16.    The foregoing conduct of PRAIRIE MATERIAL in terminating DEMITRO was done in retaliation for DEMITRO's complaints, including to OSHA, about the quality of the air at the portable plant location and DEMITRO's difficulty breathing because of the airborne dust/silica, and in retaliation for OSHA's subsequent inspection and IH monitoring on two of defendant's sites and of several of defendant's truck drivers.

17.    PRAIRIE MATERIAL's said actions discriminated against DEMITRO in an impermissible manner in retaliation to DEMITRO's complaints and OSHA's subsequent inspection and IH monitoring, in violation of the Occupational Safety Health Act (OSHA), 29 U.S.C. Sec. 660 (c).

18.    As a result of said retaliatory misconduct, DEMITRO was discharged from his employment with defendant on or about October 18, 2007.

19.    PRAIRIE MATERIAL's course of conduct, through its agents, employees and management personnel, showed a willful and/or reckless disregard of DEMITRO's rights to employment free from impermissible discrimination and/or retaliation.

20.    DEMITRO has lost wages and benefits and suffered severe emotional distress due

to the impermissible conduct of PRAIRIE MATERIAL.

WHEREFORE, ANGELO DEMITRO respectfully prays that this Court enter an order:

a.    Declaring that the conduct of VCNA PRAIRIE ILLINOIS, INC., and/or PRAIRIE MATERIAL SALES, INC., and/or PRAIRIE MATERIAL described herein is in violation of the Occupational Safety Health Act (OSHA), 29 U.S.C. Sec. 660 (c);

b.    Awarding Plaintiff the salary, with interest, he has lost as a result of VCNA PRAIRIE ILLINOIS, INC., and/or PRAIRIE MATERIAL SALES, INC., and/or PRAIRIE MATERIAL's conduct;

c.    Awarding Plaintiff compensatory and punitive damages;

d.    Awarding Plaintiff reasonable attorneys' fees and costs under the Occupational Safety Health Act (OSHA), 29 U.S.C. Sec. 660 (c);

e.    Awarding Plaintiff such other and further relief as this Court deems proper and just.

## COUNT II
## (ILLINOIS WORKERS' COMPENSATION ACT)

1-16.    Plaintiff repeats and re-alleges Paragraphs 1-12 and 15-18 of the Common Allegations as though fully set forth herein.

17.    The State of Illinois clearly prohibits any employer from engaging in any retaliatory or discriminatory conduct against any employee because the employee exercises his/her rights under the Workers' Compensation Act, 820 ILCS 305/1 *et seq,* (hereinafter "the Act"). Section 4(h) of the Act provides in relevant part that:

It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the

5

exercise of his or her rights or remedies granted to him or her by this Act.

18.     PRAIRIE MATERIAL violated clearly mandated public policy of the State of Illinois when it terminated plaintiff because he exercised his rights under the Workers' Compensation Act, 820 ILCS 305/1 *et. seq.*

19.     As a direct and proximate result of the above-mentioned incidents and conduct of PRAIRIE MATERIAL, plaintiff experienced, and continues to experience, lost wages and benefits, and suffered and continues to suffer from emotional distress.

WHEREFORE, Plaintiff ANGELO DEMITRO respectfully prays that this Court enter an order:

a.     Declaring that the conduct of VCNA PRAIRIE ILLINOIS, INC., and/or PRAIRIE MATERIAL SALES, INC., and/or PRAIRIE MATERIAL described herein is in violation of the Illinois Workers' Compensation Act, 820 ILCS 305/4(h);

b.     Awarding Plaintiff the salary, with interest, and cost of benefits that he has lost as a result of VCNA PRAIRIE ILLINOIS, INC., and/or PRAIRIE MATERIAL SALES, INC., and/or   PRAIRIE MATERIAL's conduct;

c.     Awarding Plaintiff compensatory and punitive damages;

d.     Awarding Plaintiff such other and further relief as this Court deems proper and just.

### COUNT III
### (FAMILY MEDICAL LEAVE ACT)

1-15.  Plaintiff repeats and realleges Paragraphs 1-12 and 16-18 of the Common Allegations as though fully set forth herein.

16.     DEMITRO was a full-time employee of PRAIRIE MATERIAL and worked more than twelve hundred and fifty (1,250) hours during the twelve-month period prior to his medical leave.

6

17.     PRAIRIE MATERIAL had in excess of fifty employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year, dating back from the date that plaintiff's leave commenced.

18.     At all relevant times, DEMITRO complied with the requirements and was eligible to take a full twelve (12) weeks of leave pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. 2601, (hereinafter "FMLA").

19.     On or around October 18, 2007, PRAIRIE MATERIAL terminated DEMITRO.

20.     Section 2615(a)(1) of the FMLA provides in relevant part that "[it] shall be unlawful for any employer to interfere with, restrain, or deny the    exercise of or the attempt to exercise, any right provided under this subchapter."

21.     PRAIRIE MATERIAL violated Section 2615(a)(1) of the FMLA because defendant terminated DEMITRO for taking leave under the FMLA.

22.     As a direct and proximate result of the above-mentioned incidents and conduct of PRAIRIE MATERIAL, plaintiff experienced, and continues to experience, lost wages and benefits.

WHEREFORE, plaintiff, ANGELO DEMITRO, respectfully prays that this Court enter an order:

(a)     Declaring that the conduct of VCNA PRAIRIE ILLINOIS, INC., and/or PRAIRIE MATERIAL SALES, INC., and/or PRAIRIE MATERIAL as described herein is in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq.*;

(b)     Awarding ANGELO DEMITRO the salary, with interest, and benefits he has lost as a result of VCNA PRAIRIE ILLINOIS, INC., and/or PRAIRIE  MATERIAL  SALES, INC., and/or PRAIRIE MATERIAL's conduct;

(c)     Awarding ANGELO DEMITRO liquidated damages;

7

(d)     Awarding ANGELO DEMITRO reasonable attorneys' fees and costs under the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq*.; and

(e)     Awarding ANGELO DEMITRO such other and further relief as this Court deems proper and just.

**Plaintiff demands a trial by jury.**

Seth R. Halpern
Allison L. Chaplick
MALKINSON & HALPERN, P.C.
223 West Jackson Blvd., Suite 1010
Chicago, Illinois 60606
(312) 427-9600
Attorney No.: 34694

8