IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELO DEMITRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-3755 |
| | ) |
| VCNA PRAIRIE ILLINOIS, INC., a foreign corporation, PRAIRIE MATERIAL SALES, INC., a foreign corporation, and PRAIRIE MATERIAL, a foreign corporation, | ) Honorable Judge Bucklo<br>)<br>) Honorable Magistrate Judge Cole<br>) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

VCNA Prairie Illinois, Inc., Prairie Material Sales, and Prairie Material (collectively "Prairie") submit this answer and affirmative defenses to Plaintiff Angelo Demitro's ("Demitro") complaint:[1]

**COMMON ALLEGATIONS**

**COMPLAINT ¶ 1:**

Plaintiff, ANGELO DEMITRO (hereinafter "DEMITRO") is a citizen of the State of Illinois and a resident of the City of Chicago, County of Cook, State of Illinois, and presently resides at 1930 West 34th Place.

**ANSWER:**

Prairie admits the allegations in paragraph 1.

**COMPLAINT ¶ 2:**

Defendants VCNA PRAIRIE ILLINOIS, INC., a foreign corporation, PRAIRIE MATERIAL SALES, INC., a foreign corporation, and PRAIRIE MATERIAL, (hereinafter collectively referred to as "PRAIRIE MATERIAL" or "defendants") are Delaware corporations, licensed in Illinois and doing business at various Illinois locations, including at 2300 S. Throop, Chicago, Illinois, 3300 S. California, Chicago, Illinois, and 7601 W. 79th Street, Bridgeview,

---

[1] VCNA Prairie Illinois, Inc. is the only proper Defendant.

Illinois. Defendants are engaged in an industry affecting commerce and, at all times pertinent hereto, were employers within the meaning of 29 U.S.C. 652(5) and 29 U.S.C. 2601, *et seq*.

**ANSWER:**

Prairie admits the allegations in paragraph 2.

**COMPLAINT ¶ 3:**

This court has jurisdiction of this case pursuant the Occupational Safety Health Act (OSHA), 29 U.S.C. §660 *et seq*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2617(a)(2), and 28 U.S.C. §1367.

**ANSWER:**

Prairie admits the allegations in paragraph 3.

**COMPLAINT ¶ 4:**

This action properly lies in this district pursuant to 28 U.S.C. §1391 because the claim arose in this judicial district.

**ANSWER:**

Prairie admits the allegations in paragraph 4.

**COMPLAINT ¶ 5:**

In or about September 9, 2000, DEMITRO was hired by PRAIRIE MATERIAL as a Mack Redi-Mix Truck Driver.

**ANSWER:**

Prairie admits the allegations in paragraph 5.

**COMPLAINT ¶ 6:**

At all times during his tenure of employment at PRAIRIE MATERIAL, plaintiff performed his job in a satisfactory manner.

**ANSWER:**

Prairie denies the allegations in paragraph 6.

CH1 11521730.1

**COMPLAINT ¶ 7:**

On October 11, 2007, plaintiff began experiencing difficulty breathing at PRAIRIE MATERIAL's 2300 S. Throop portable plant because plaintiff was exposed to and inhaled airborne dust/silica particles at the portable plant.

**ANSWER:**

Prairie is without knowledge or information sufficient to form a believe as to the truth of whether Demitro experienced difficulty breathing on October 11, 2007, and/or what caused that alleged difficulty. Prairie denies all remaining allegations in paragraph 7.

**COMPLAINT ¶ 8:**

PRAIRIE MATERIAL declined, pursuant to DEMITRO's requests, to take any steps to reconfigure the portable plant or otherwise reasonably accommodate DEMITRO's condition by covering the exposed dust/silica particles, providing DEMITRO with a mask in a timely manner, or having its Safety Department inspect the portable plant.

**ANSWER:**

Prairie denies the allegations in paragraph 8.

**COMPLAINT ¶ 9:**

On or around October 11, 2007, plaintiff sustained a work-related respiratory injury.

**ANSWER:**

Prairie denies the allegation in paragraph 9.

**COMPLAINT ¶ 10:**

On October 11, 2007, plaintiff was admitted as an in-patient at Mt. Sinai Hospital where plaintiff was diagnosed with hyperactive airway disease secondary to cement exposure, and was subsequently discharged on October 12, 2007.

**ANSWER:**

Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

**COMPLAINT ¶ 11:**

Thereafter, plaintiff sought treatment with his own primary care physician, Dr. N. Richie Thakur, and was referred to Pulmonologist, Dr. Alejandro Comellas, because of his work related injury.

**ANSWER:**

Prairie is without knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 11.

**COMPLAINT ¶ 12:**

Dr. Thakur fully restricted plaintiff from working because of the severity of his work-related injury, thereby commencing plaintiff's leave pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq*., and released plaintiff to return to work without restrictions on November 19, 2007.

**ANSWER:**

Prairie denies the allegations in paragraph 12.

**COMPLAINT ¶ 13:**

On or around October 11, 2007 DEMITRO filed a complaint with OSHA requesting inspection of PRAIRIE MATERIAL's subject plants.

**ANSWER:**

Prairie is without knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 10.

**COMPLAINT ¶ 14:**

On or around October 15, 2007 OSHA thereafter commenced its inspection of the relevant cement plants and equipment, conducted industrial hygiene (IH) monitoring on two sites and on several truck drivers in accordance with DEMITRO'S complaint.

**ANSWER:**

Prairie admits that OSHA inspected its facilities on or about October 15, 2007. Prairie

denies the remaining allegations in paragraph 14.

4

**COMPLAINT ¶ 15:**

On or about October 17, 2007, DEMITRO filed a claim for workers compensation benefits for his work related injury.

**ANSWER:**

Prairie denies the allegations in paragraph 15.

**COMPLAINT ¶ 16:**

On October 18, 2007, PRAIRIE MATERIAL terminated DEMITRO.

**ANSWER:**

Prairie admits that Demitro's termination notice was delivered on or about October 18, 2007.

**COMPLAINT ¶ 17:**

PRAIRIE MATERIAL terminated DEMITRO in retaliation for filing a complaint with OSHA, for exercising his rights under the Illinois Workers' Compensation Act by filing a claim against the defendants with the Illinois Industrial Commission, and in retaliation for taking an authorized leave under the Family Medical Leave Act, 820 ILCS 305/1 *et. seq*.

**ANSWER:**

Prairie denies the allegations in paragraph 17.

**COMPLAINT ¶ 18:**

As a direct and proximate result of the above-mentioned incidents and conduct of PRAIRIE MATERIAL, plaintiff experienced, and continues to experience, lost wages and benefits, and suffered and continues to suffer from emotional distress.

**ANSWER:**

Prairie denies the allegations in paragraph 18.

**COUNT I**
**(OCCUPATIONAL SAFETY HEALTH ACT)**

**COMPLAINT ¶¶ 1-15:**

Plaintiff repeats and realleges Paragraphs 1-10, 13-14, and 16-18 of the Common Allegations as though fully set forth herein.

5

CH1 11521730.1

**ANSWER:**

Prairie restates and incorporates by reference its answers to paragraphs 1-10, 13-4, and 16-18 of the Common Allegations.

**COMPLAINT ¶ 16:**

The foregoing conduct of PRAIRIE MATERIAL in terminating DEMITRO was done in retaliation for DEMITRO's complaints, including to OSHA, about the quality of the air at the portable plant location and DEMITRO's difficulty breathing because of the airborne dust/silica, and in retaliation for OSHA's subsequent inspection and IH monitoring on two of defendant's sites and of several of defendant's truck drivers.

**ANSWER:**

Prairie denies the allegations in paragraph 16.

**COMPLAINT ¶ 17:**

PRAIRIE MATERIAL's said actions discriminated against DEMITRO in an impermissible manner in retaliation to DEMITRO's complaints and OSHA's subsequent inspection and IH monitoring, in violation of the Occupational Safety Health Act (OSHA), 29 U.S.C. Sec. 660 (c).

**ANSWER:**

Prairie denies the allegations in paragraph 17.

**COMPLAINT ¶ 18:**

As a result of said retaliatory misconduct, DEMITRO was discharged from his employment with defendant on or about October 18, 2007.

**ANSWER:**

Prairie denies the allegations in paragraph 18.

**COMPLAINT ¶ 19:**

PRAIRIE MATERIAL's course of conduct, through its agents, employees and management personnel, showed a willful and/or reckless disregard of DEMITRO's rights to employment free from impermissible discrimination and/or retaliation.

**ANSWER:**

Prairie denies the allegations in paragraph 19.

CH1 11521730.1

**COMPLAINT ¶ 20:**

DEMITRO has lost wages and benefits and suffered severe emotional distress due to the impermissible conduct of PRAIRIE MATERIAL.

**ANSWER:**

Prairie denies the allegations in paragraph 20.

## COUNT II
## (ILLINOIS WORKERS' COMPENSATION ACT)

**COMPLAINT ¶¶ 1-16:**

Plaintiff repeats and re-alleges Paragraphs 1-12 and 15-18 of the Common Allegations as though fully set forth herein.

**ANSWER:**

Prairie restates and incorporates by reference its answers to paragraphs 1-12, and 15-18 of the Common Allegations.

**COMPLAINT ¶ 17:**

The State of Illinois clearly prohibits any employer from engaging in any retaliatory or discriminatory conduct against any employee because the employee exercises his/her rights under the Workers' Compensation Act, 820 ILCS 305/1 *et seq*, (hereinafter "the Act"). Section 4(h) of the Act provides in relevant part that:

> It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.
>
> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

**ANSWER:**

Prairie admits the allegations in paragraph 17.

CH1 11521730.1

**COMPLAINT ¶ 18:**

PRAIRIE MATERIAL violated clearly mandated public policy of the State of Illinois when it terminated plaintiff because he exercised his rights under the Workers' Compensation Act, 820 ILCS 305/1 *et. seq*.

**ANSWER:**

Prairie denies the allegations in paragraph 18.

**COMPLAINT ¶ 19:**

As a direct and proximate result of the above-mentioned incidents and conduct of PRAIRIE MATERIAL, plaintiff experienced, and continues to experience, lost wages and benefits, and suffered and continues to suffer from emotional distress.

**ANSWER:**

Prairie denies the allegations in paragraph 19.

**COUNT III**
**(FAMILY MEDICAL LEAVE ACT)**

**COMPLAINT ¶¶ 1-15:**

Plaintiff repeats and realleges Paragraphs 1-12 and 16-18 of the Common Allegations as though fully set forth herein.

**ANSWER:**

Prairie restates and incorporates by reference its answers to paragraphs 1-12 and 16-8 of

the Common Allegations.

**COMPLAINT ¶ 16:**

DEMITRO was a full-time employee of PRAIRIE MATERIAL and worked more than twelve hundred and fifty (1,250) hours during the twelve-month period prior to his medical leave.

**ANSWER:**

Prairie admits the allegations in paragraph 16.

**COMPLAINT ¶ 17:**

PRAIRIE MATERIAL had in excess of fifty employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year, dating back from the date that plaintiff's leave commenced.

**ANSWER:**

Prairie admits the allegations in paragraph 17.

**COMPLAINT ¶ 18:**

At all relevant times, DEMITRO complied with the requirements and was eligible to take a full twelve (12) weeks of leave pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. 2601, (hereinafter "FMLA").

**ANSWER:**

Prairie denies the allegations in paragraph 18.

**COMPLAINT ¶ 19:**

On or around October 18, 2007, PRAIRIE MATERIAL terminated DEMITRO.

**ANSWER:**

Prairie admits that Demitro's termination notice was delivered on or about October 18, 2007.

**COMPLAINT ¶ 20:**

Section 2615(a)(1) of the FMLA provides in relevant part that "[it] shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

**ANSWER:**

Prairie admits the allegations in paragraph 20.

**COMPLAINT ¶ 21:**

PRAIRIE MATERIAL violated Section 2615(a)(1) of the FMLA because defendant terminated DEMITRO for taking leave under the FMLA.

**ANSWER:**

Prairie denies the allegations in paragraph 21.

9

**COMPLAINT ¶ 22:**

As a direct and proximate result of the above-mentioned incidents and conduct of PRAIRIE MATERIAL, plaintiff experienced, and continues to experience, lost wages and benefits.

**ANSWER:**

Prairie denies the allegations in paragraph 22.

### AFFIRMATIVE DEFENSES

1. Demitro's claims are barred to the extent he failed to meet and exhaust administrative and/or statutory prerequisites prior to filing suit.

2. Demitro's claims for damages are barred to the extent that he failed to mitigate his alleged damages.

Respectfully submitted,

VCNA PRAIRIE ILLINOIS, ET AL.


By: s/ Jason M. Torres
    One of Its Attorneys

Jason M. Torres
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)

August 29, 2008

**CERTIFICATE OF SERVICE**

      I, Jason M. Torres, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing ANSWER TO COMPLAINT to be filed electronically in the United State District Court for the Northern District of Illinois on August 29, 2008:

      Seth R. Halpern
      Allison L. Chaplick
      MALKINSON & HALPERN, P.C.
      223 West Jackson Blvd., Suite 1010
      Chicago, Illinois 60606

      s/Jason M. Torres